IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02422-WDM-OES

LUTHER EARL MADRY, JR.,

Plaintiff,

vs.

LISA PICKERING,
CPL. GILBERT J. LADRINI, JR.,
JEFFERY MAIZE, and
DANIEL ANDERSON,

Defendants.

ORDER

**O. Edward Schlatter, United States Magistrate Judge**

      This matter came before me for a scheduling conference today, August 17, 2005, at 10:00 a.m. This conference was the court's fourth attempt to hold a scheduling conference in this matter. See Docket #77 (setting forth the history of scheduling attempts in this regard). Also before me at this conference was defendants' Motion To Enforce Court's July 12, 2005, Order, as directed by my Order To Show Cause issued on August 10, 2005.

      With regard to the scheduling conference, plaintiff has been repeatedly informed that a proposed Scheduling Order should be prepared and submitted to the court, and that he is responsible for initiating and participating in its preparation. Verbally and by Order

of July 12, 2005, plaintiff was again instructed that he should initiate contact and work with counsel for the defense to prepare such a document for today's conference.  Plaintiff did not do so.  Plaintiff does not have a telephone nor a stable address where he could be reached by counsel for the defendants in this regard, and therefore, defendants have submitted their proposed Scheduling Order without input from the plaintiff.  Accordingly, the conference will once again be re-set to allow for the plaintiff's preparation of a proposed Scheduling Order.

Again, as I had at the July 12th and previous proceedings, I pointed out to plaintiff that mail sent to the address he currently has on file with the court has once more been returned as undeliverable.  <u>See</u> Docket #94.  As before, plaintiff was cautioned that under the rules of this court, he has a responsibility to maintain a valid current address on record or face dismissal of his case if he fails to do so.

Further, with regard to defendants' motion, plaintiff acknowledged his obligation to pay the sanction imposed but indicated that his financial status was such that he needed additional time in which to make the required payment to counsel for the defendants.  Based upon the granting of an extension of time in which to make the payment, plaintiff indicated he wished to withdraw his objection to the payment of sanctions which was filed on August 10, 2005.

Finally, plaintiff has not been incarcerated for approximately nine months.  Plaintiff is reminded that in his Response To Court To Show Cause Why Plaintiff Has Not Met Monthly Financial Obligation (Filing Fee) ("Response To Court"), filed on July 6, 2005, he voluntarily agreed that he would "make payments of $50.00 bi-weekly until payments [sic]

of 150.00 is paid" with regard to his out-standing filing fee obligation.  Plaintiff made a payment of $3.00 in this regard on December 13, 2004, and another payment of $50.00 on July 22, 2005, but to date, has made no further filing fee payments.  A party who signs his name to documents filed in court bears a personal, nondelegable responsibility to validate the truth and legal reasonableness of the documents filed.  Failure to meet that duty may subject the signer to sanctions under Fed.R.Civ.P. 11.  If plaintiff does not make his filing fee payments like he said he would, then his failure to do so draws into question the truthfulness and reasonableness of the document he filed with this court on July 6, 2005.  It is plaintiff's responsibility, not that of the court, to monitor his ability to make his filing fee payments.  If he cannot meet the payment schedule which he represented to the court that he would, then he must show cause, in writing, each and every time he cannot.

Based upon the proceedings held, and the entire record herein, it is hereby **ORDERED** as follows:

1. The Preliminary Scheduling/Status Conference is **RESET** to August 24, 2005, at 9:15 a.m.  Plaintiff shall prepare and submit a proposed Scheduling Order to the court on or before 12:00 noon (MDT) on Tuesday, August 23, 2005.

2. Before 4:00 p.m. (MDT) on Monday, October 3, 2005, plaintiff shall pay the sum of $135.00 to counsel for the defendants as a sanction for failing to appear at the designated time for the July 12, 2005, Preliminary Scheduling/Status Conference.  **Plaintiff is warned** that failure to pay the $135.00 sanction by that date and time may result in the imposition of additional sanctions, including the dismissal of his case.

3. Defendants' Motion To Enforce Court's July 12, 2005, Order [Filed August 4, 2005; Docket #85] is **DENIED**.

4. Plaintiff's Objections To Magistrate Judge O. Edward Schlatter Recommendation And Court Order [Filed August 10, 2005; Docket #89] is deemed **WITHDRAWN**.

5. Plaintiff shall have until and including August 31, 2005, in which to make a filing fee payment like he said he would in his July 6, 2005, Response To The Court, or to show cause in writing why he cannot make the required payment. If plaintiff fails to comply with this Order, the Amended Complaint and the civil action may be dismissed without further notice or other sanctions imposed as may be appropriate under Fed.R.Civ.P. 11.

Dated at Denver, Colorado, this 17th day of August, 2005.

BY THE COURT:

s/O. Edward Schlatter
O. Edward Schlatter
United States Magistrate Judge