IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02422-WDM-OES

LUTHER EARL MADRY, JR.,

Plaintiff,

vs.

LISA PICKERING,
CPL. GILBERT J. LADRINI, JR.,
JEFFERY MAIZE, and
DANIEL ANDERSON,

Defendants.

## RECOMMENDATION FOR DISMISSAL

**O. Edward Schlatter, United States Magistrate Judge**

This matter has come before the court on its own motion, based upon the plaintiff's failure to comply with court directives, disregard of proceedings in this matter, refusal to work with opposing counsel to prepare pretrial case management documents, and neglect towards financial obligations.

As an initial matter, I have scheduled and convened six different conferences in an attempt to secure a Scheduling Order under Fed.R.Civ.P. 16(b) and D.C.COLO.LCivR 16.1 as follows: Following determination of a dispositive motion initially filed in the case, a Scheduling Conference was set for November 17, 2004. See Docket #46. Plaintiff failed to appear for this conference. See Docket #55. A conference scheduled for March 18,

2005, was convened, but ultimately vacated and reset to July 12, 2005, at 9:00 a.m., to allow for the plaintiff to clarify the record with the filing of a single Amended Complaint and for the parties to prepare a proposed Scheduling Order.  See Dockets #67 and #68.

Plaintiff failed to timely appear for the July conference, and arrived without having cooperated with or even attempting to make contact with defense counsel in the preparation of a proposed Scheduling Order, as he had been directed to do, or having prepared one on his own.  See Docket #77.  Plaintiff was given another chance, and the conference was rescheduled for August 15, 2005, with a subsequent resetting to August 17, 2005.  See Dockets #77 and 84.

Plaintiff again failed to contact or work with defense counsel in preparation for the August 17, 2005, conference, and had prepared no materials on his own.  See Docket #96.  The matter was again reset to August 24, 2005.  Id.  Plaintiff appeared on August 24, 2005, with the materials he had prepared for the conference.  See Docket #99.  Lengthy and arduous discussion was had over the voluminous materials he presented, which set forth numerous claims and allegations not contained in any pleading previously on file and accepted by the court.  Ultimately, the plaintiff was directed to reduce his submitted Scheduling Order in compliance with the discussions and send them to defense counsel by September 1, 2005, so that she could prepare and submit a joint proposed Scheduling Order to the court.  Id.  Defense counsel was granted leave to contact the court with regard to any problems that would arise in this regard, and a hearing would be set.  Id.  Just such a hearing was requested by counsel, and the hearing was set for September 28, 2005.  See Docket #100.  Plaintiff failed to appear for the hearing, or contact the court in any

manner.  See Docket #103.

Additionally, plaintiff was sanctioned the sum of $135 in connection with his tardy attendance at the July 12, 2005, conference.  See Docket #77.  Originally, he was ordered to pay the sum to defense counsel by July 22, 2005.  Id.  He did not do so, but when confronted with his failure at the August 17, 2005, proceedings, did belatedly request an extension of time to get the payment made.  See Docket #96.  Plaintiff was granted an extension of until October 3, 2005.  Id.  On October 4, 2005, defense counsel, Gillian Flener, orally indicated to my staff that no payment had been received nor any contact in this regard having been made by the plaintiff.  The record contains no request for an additional extension of time in this regard.

Finally, plaintiff has failed to meet the filing fee payment schedule which he created and represented to the court he could comply with, and specifically failed to make the filing fee payment due by August 31, 2005, in accordance with the court's Order filed on August 18, 2005.  See Docket #96.  Plaintiff has failed to make any effort to demonstrate cause why he cannot make the payments, or to request an extension of time in which to make payment.

Based on the foregoing, I **RECOMMEND** that plaintiff's claims against the defendants be dismissed with prejudice.  Keeping in mind that dismissal with prejudice is a harsh sanction which is not to be imposed without justification, Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993), I find that dismissal with prejudice is appropriate in this case. In making this determination, I considered the following factors as required by the Tenth Circuit: (1) the degree of actual prejudice to the defendants; (2) the amount of

interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

A review of the court docket reveals that plaintiff's lack of attention and disregard for court proceedings and directives has required the defendants and the court to expend time and effort to repeatedly address the same issues. Plaintiff's failure to inform opposing counsel and the court of an accurate address or other contact information has consistently impeded defendants' efforts to coordinate and prepare pretrial matters, and to plan how to proceed with discovery. See Docket #77 and #96. However, I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the court's orders would be insufficient, by itself, to warrant dismissal.

With regard to the second factor, the plaintiff's failure to comply with Orders of this court and the provisions of § 1915 has caused disruption to the progress of this case and repeated expenditures of judicial resources in addressing basic issues of case management and financial obligations. Rather than attending to the merits of the case and other cases, the court has been required to devote substantial attention to plaintiff's failure to acknowledge his responsibilities in this case.

Plaintiff is no longer incarcerated, having been released from jail over 10 months ago, and lives in the Denver metro area, see Docket #98. While I am cognizant of the struggles the plaintiff has had in establishing himself as a productive member of society in the months since his release, plaintiff has made serious allegations against the

defendants in this lawsuit of which they are as entitled to defend as he is to prosecute. However, plaintiff's behavior has caused this case, which has been pending for almost two years, to stall in the pretrial stage and stagnate there. He alone is culpable for his noncompliance, and the record demonstrates that plaintiff is well aware of the mechanics of utilizing motion practice to obtain court assistance if unable to resolve issues within time limits established. Plaintiff, however, appears to believe that the rules that govern every other litigant in this court do not apply to him, and that he can pick and choose how to prosecute this case.

Finally, the plaintiff has had adequate warning that his case would be dismissed for failure to attend scheduled court proceedings and noncompliance with the payment requirements. Despite the court's repeated warnings, plaintiff has continued to disregard proceedings and fail to pay his financial obligations.

I have considered lesser sanctions, including dismissal without prejudice. Due to plaintiff's failure to comply with court Orders and the provisions of § 1915, I am convinced that he would re-file the case and repeat his pattern of failing to comply with court directives. Based on the foregoing, it is hereby **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**.

The parties' rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72."

DATED at Denver, Colorado, this 6th day of October, 2005.

BY THE COURT:

                s/ O. Edward Schlatter
                _____
                O. Edward Schlatter
                United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).